IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Respondent,                      2:95-cr-411-GEB

        vs.                                  2:02-cv-749-GEB-KJM

CONRADO GARCIA-GUIZAR,

        Movant.                      <u>ORDER</u>

_____/

        Pending are the Magistrate Judge's findings and recommendations filed on April 12, 2007, on Conrado Garcia-Guizar's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and on his and his sister's motion for return of $38,770, which the Ninth Circuit Court of Appeals found was not subject to forfeiture. The findings and recommendations contain notice that any objections to the findings and recommendations were to be filed within twenty days. Garcia-Guizar and the government have filed objections.

        The findings and recommendations are adopted except as modified below:

        1. Garcia-Guizar's motion to vacate, set aside, or correct his sentence is granted only as to his claim that he did not receive the effective assistance of appellate counsel. The Magistrate Judge recommended that, because of appellate counsel's error, Garcia-Guizar be reinstated to the position imposed before he appealed; therefore, it is recommended that Garcia-

Guizar's sentence be reduced to 135 months, no fine be imposed, and the $38,770 be subject to forfeiture. Garcia-Guizar's sentence is reduced and modified to the term of 135 months, which was imposed before he appealed. However, on appeal, the Ninth Circuit determined that only the $4,300 of prerecorded cash found in the total cash of $43,070 seized from Garcia-Guizar's storage locker is subject to forfeiture; this Ninth Circuit finding will not be modified. Further, the recommendation that no fine be imposed is not adopted; hence, Garcia-Guizar's fine of $17,500 is unmodified. Waller v. Georgia, 467 U.S. 39, 50 (1984); see also U.S. v. Thiele, 314 F.3d 399, 400 (9th Cir. 2002) (indicating that a § 2255 motion is not a vehicle for challenging the imposition of a fine).

2. With regard to Garcia-Guizar and his sister Anna Garcia's motion for return of the $38,770 found in Garcia-Guizar's storage locker (docket no. 171), the government contends that this court lacks jurisdiction over the claimed funds since the funds are in the possession of the California Bureau of Narcotics Enforcement. (Docket no. 189 at 2-3.) However, the Federal Government has constructive possession of the funds since Garcia-Guizar's superseding indictment included a criminal forfeiture claim for the $43,070 seized from Garcia-Guizar's storage locker (docket no. 67); the Federal Government submitted to the jury a special verdict in which it requested the jury to forfeit Garcia-Guizar's interest in that money to the United States (docket no. 82); and the Federal Government argued for the forfeiture of that money in its closing argument. See U.S. v. Pinque, 2006 WL 1205834, at *2 (D. Minn. May 3, 2006) ("[Federal Rule of Criminal Procedure] 41(g) is normally used to recover property seized by federal officials, but can also be used to force the return of items seized by state officials if the items are . . . constructively possessed by the Federal Government.").

The government also argues that Anna Garcia lacks standing to assert a claim in this court since "according to [Garcia-Guizar], the disputed money belongs to his cousin Carlos Garcia," and Carlos Garcia's ownership interest in the money has never been adjudicated.

1  (Docket no. 189 at 4-5.)  Garcia-Guizar has given different explanations as to the source of the
2  $43,070 found in the storage locker.  He reported to the probation officer in August 1996 that the
3  funds "belonged to his brother and nephews" and resulted from the sale of "two mobile homes
4  for his brother, as well as a 1986 Toyota pickup truck which the defendant had owned, and
5  another car for a different nephew."  (PSR ¶ 20.)  He also told the probation officer that he had
6  disposed of the following assets: "Ex-wife's mobile home: 4,500"; "1986 Toyota pickup:
7  $9,000"; "Brothers mobile home: $10,000"; and "[a] trailer: $4,500."  (PSR ¶ 56.)  But about
8  nine years later, in a declaration dated October 14, 2005 and filed October 19, 2005, Garcia-
9  Guizar declared that he sold, for his nephew Abel Amescua, "(1) a mobile home for $9,500; (2) a
10 Massey Furgeson farm tractor for $4,500; a Ford Pickup for $5,000; and (4) a Mazda automobile
11 for $5,000," and that at the time of his arrest, Garcia-Guizar "was holding $24,000 in cash for
12 [his] nephew Abel Amescua."  (Docket no. 194 at 1.)  Garcia-Guizar further declared in the
13 October 14, 2005 declaration, that he sold, on behalf of his brother Jorge Garcia, "(1) a mobile
14 hom[e] which was his residence for the sum of $10,000; and (2) a mobile home which was being
15 refurbished for $4,500."  (Docket no. 194 at 2.)

16          In a statement dated August 20, 2001 and filed on June 30, 2003 and again on
17 October 19, 2005, Anna Garcia asserts that she assumed responsibility for the loss of the money
18 from the storage locker, and paid various family members for their losses as follows: "Ninty-five
19 hundred dollars derived from the sale of my nephew's mobile home, [f]orty-five hundred dollars
20 derived from the sale of a tractor belonging to my nephew, [f]ive thousand dollars derived from
21 the sale of my nephew's pick-up truck, [f]ive thousand dollars from the sale of his car, [t]welve
22 thousand dollars derived from the sale of another brother's mobile home."  (Docket no. 192 ¶ 8.)

23          Garcia-Guizar's statement that the money seized from his storage locker did not
24 belong to him but belonged to others was not credited at resentencing, and a $17,500 fine was
25 therefore imposed.  (See Revised PSR ¶ 55.)  The record does not suggest that Garcia-Guizar's
26

3

statement should now be credited. To the contrary, Garcia-Guizar has given conflicting statements concerning the sources of the money found in his storage locker, and the amount of money attributed to those sources, which undermines his veracity and results in his statements being disbelieved. Additionally, although Anna Garcia contends she is entitled to $36,000 of the funds found in the storage locker, and moves for return of those funds to her, she does not have personal knowledge of the source of the funds found in the storage locker. Accordingly, $4,300 of the $43,070 found in the storage locker shall be forfeited to the United States; any amount still owed by Garcia-Guizar on the $17,500 fine imposed at resentencing shall be paid from the remaining money; and the balance shall be paid to Garcia-Guizar.[1]

        3. The Clerk of the Court is directed to serve a copy of this order on Anna Garcia at the address listed on her pleadings in the file, and close this case and the companion civil case 2:02-cv-749-GEB-KJM.

Dated: June 18, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] It is recognized that this portion of the ruling, which fails to make the value of the remaining seized funds (the value of the seized funds minus the fine) forfeitable to the United States, will result in a windfall to Garcia-Guizar, since he will be receiving possession of money that could have been forfeited if he had not appealed. However, this ruling appears consistent with the Ninth Circuit's holding in U.S. v. Garcia-Guizar, 160 F.3d 511, 518 (9th Cir. 1998), that no funds other than the $4300 of prerecorded cash be made subject to forfeiture.